NEW & KARFUNKEL, P.C.
1129 Bloomfield Avenue, Suite 215
West Caldwell, New Jersey 07006
T – 862-210-8220
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SULLIVAN, ANTHONY STORZ, LUIS HERRERA, JOHN ZAK, ROBERT HOLDEN, and ALLEN SWERDLICK as TRUSTEES OF THE LOCAL 807 LABOR-MANAGEMENT PENSION FUND, <br><br> Plaintiffs, <br><br> -against- <br><br> WILLIAMS SPECIALIZED SERVICES, INC. and XYZ Corporations, members of the controlled group of Williams Specialized Services, Inc., <br><br> Defendants | CIVIL ACTION NO. <br><br> COMPLAINT |

Plaintiffs, JOHN SULLIVAN, ANTHONY STORZ, LUIS HERRERA, JOHN ZAK, ROBERT HOLDEN, and ALLEN SWERDLICK as the Trustees of the Local 807 Labor-Management Pension Fund ("the Fund" or "Pension Fund") by and through its counsel New & Karfunkel, P.C., respectfully allege as follows:

## NATURE OF THE ACTION

1.      This action is brought by the Fund through its Trustees, to recover unpaid withdrawal liability within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001, et seq., 29 U.S.C. § 1301, et seq., to the Pension Fund.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to ERISA Sections 502, 515, 4221(b)(1) and 4301(c), 29 U.S.C. §§ 1132, 1145, 1401(b)(1) and 1451(c).

3.      Venue properly lies in this judicial district pursuant to Section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d).

## THE PARTIES

4.      Plaintiffs are the Trustees of the Local 807 Labor-Management Pension Fund  and have been, at all times material hereto, "fiduciaries" as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21), of "employee benefit plans" and "multi-employer plans" as defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). The Fund is a collectively bargained, jointly-trusteed fund organized and operating pursuant to the provisions of Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Fund is administered in an office located at 32-43 49th Street, Long Island City, New York 11103.

5.      Upon information and belief, Defendant, Williams Specialized Services, Inc., ("Williams") has been at all times material hereto an employer "affecting commerce" as defined by Sections 2(2), (6), (7) of the LMRA, 29 U.S.C. § 152(2), (6) and (7).

6.      Upon information and belief, Williams is a domestic corporation located at 400 Charlotte Avenue, Hicksville, New York 11801.

7.      Upon information and belief, Defendant XYZ Corporation, is a member or are members of a controlled group with Williams, with a business address of 400 Charlotte Avenue, Hicksville, New York 11801.

## FACTUAL ALLEGATIONS

8.      For a period of years, Williams was obligated, pursuant to a series of collective bargaining agreements ("Agreements") with the International Brotherhood of Teamsters Union Local 807 ("Union"), to make contributions to the Fund on behalf of its covered employees.

9.      The Agreements provided the terms and conditions of employment for the employees represented by the Union and employed by Williams.

10.      The Agreements obligated Williams in part to make contributions to the Fund on behalf of all of its employees performing bargaining unit work at certain designated rates and times in order to help fund retirement benefits for those employees.

11.      The Fund has a fiscal Plan Year of September 1 through August 31.

12.      As more particularly set forth below, Williams incurred four (4) partial withdrawals as described in ERISA Section 4205, 29 U.S.C. § 1385, triggering partial withdrawal liabilities due to the Pension Fund.

13.      As more particularly set forth below, Williams incurred a complete withdrawal as described in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a) triggering a complete withdrawal liability due to the Fund.

14.      Neither Williams nor the Pension Fund has initiated arbitration proceedings pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(c), with regard to any of the Pension Fund's determinations and/or the amounts of the partial and/or complete withdrawal liabilities owed by Williams.

15.      The Pension Fund is operated pursuant to its Agreement and Declaration of Trust (the Pension Trust). The Pension Trust provides that a party to a collective bargaining agreement with the Union is bound by the terms of the Pension Trust. The Pension Trust also provides that collection of withdrawal liability shall be effectuated in accordance with the provisions of ERISA Section 4219, 29 U.S.C. § 1399.

16.      The Pension Fund has also adopted rules which provide that, where, as here, the Trustees utilized proceedings to enforce collection of withdrawal liability, the Pension Fund shall be entitled to reasonable attorney's fees, litigation costs, any and all other costs of the proceeding as well interest and liquidated damages equal to the greater

of 20% of the unpaid withdrawal liability or the amount of interest due (here, 18%/annum).

17.     Under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), the terms of the Pension Trust and/or pursuant to the rules adopted by the Fund, Williams is now in default of all its withdrawal liability assessed by the Fund.

## FIRST COUNT

### (First Partial Withdrawal Liability Assessment)

18.     Section 4205 of ERISA, 29 U.S.C. § 1385 ("Partial Withdrawals") provides in part that a partial withdrawal is incurred by a contributing employer when there is a 70% contribution decline for any Plan Year if during each Plan Year in a three year testing period, the employer's contribution base units do not exceed 30% of the Employer's contribution base units for the high base year.

19.     The Trustees of the Pension Fund have determined that Williams incurred a partial withdrawal liability for the Plan Year ending August 31, 2013 ("First Partial Withdrawal Liability").

20.     As a result of this First Partial Withdrawal Liability, the Pension Fund requested its actuary to determine the amount of liability incurred by Williams.

21.     The Fund's actuary determined that Williams' First Partial Withdrawal Liability was in the amount of $1,420,138.00.

22.     Pursuant to ERISA Section 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Pension Fund served Williams, by certified mail, a Notice and Demand for Partial Withdrawal Liability dated November 16, 2017 setting forth the basis of the calculation and demanding scheduled quarterly payments in the amount of $28,513.75 with the first installment being due January 1, 2018. See annexed hereto as Exhibit A.

23.     Williams has failed to make any of the aforementioned quarterly payments as demanded by the Fund.

24.     Williams has never initiated arbitration proceedings to dispute any determinations as required by ERISA § 4221(a), 29 U.S.C. § 1401(c).

25.     On or about February 8, 2018, the Fund forwarded a "Notice of Default" via certified mail, return receipt requested to Williams pursuant to ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5) advising that it was in default of its payments and that unless all delinquent payments were made within 60 days of its receipt of the notice, the entire amount of the unpaid First Partial Withdrawal Liability would be "accelerated and immediately due and payable without further notice". Annexed hereto as Exhibit B.

26.     Despite 60 days having passed, Williams has failed to cure the default so noticed.

27.     As a result of Williams' failure to cure its default, the entire balance of the First Partial Withdrawal Liability in the amount of $1,420,138.00 is now due and payable. ERISA §4219(c)(5), 29 U.S.C. § 1399(c)(5).

WHEREFORE, Plaintiff Pension Fund demands judgment on the First Count as follows:

a.     The entire outstanding balance of the First Partial Withdrawal Liability Assessment of $1,420,138.00;

b.     Interest at the Fund's delinquent contribution rate of 18 percent per annum;

c.     Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.     All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.      All such other relief as this Court deems proper.

## SECOND COUNT

### (Second Partial Withdrawal Liability Assessment)

28.      Plaintiffs repeat each and every allegation of the First Count as if set forth herein at length.

29.      On or about November 16, 2017, the Pension Fund forwarded to Williams a Notice and Demand for Partial Withdrawal Liability for the Plan Year ending August 31, 2014 (Exhibit C).

30.      The Pension Fund determined that during the Plan Year ending August 31, 2014, Williams had incurred a "Second Partial Withdrawal".

31.      As a result of said Second Partial Withdrawal, the Pension Fund's notice advised that Williams owed the amount of $180,552 and demanded quarterly payments of $25,330.75 for seven quarters beginning January 1, 2018.

32.      Williams has failed to make any of the aforementioned quarterly payments demanded by the Fund.

33.      On or about February 8, 2018, the Pension Fund forwarded a Notice of Default (Exhibit D) to Williams pursuant to ERISA § 4219(c)(5), 29 U.S.C. 1399(c)(5) advising that unless all delinquent payments were brought current within 60 days of its receiving the Notice of Default, the entire amount of the Second Partial Withdrawal Liability would be "accelerated and immediately due and payable without further notice". Despite said Notice of Default, Williams has failed to cure its default.

34.     As a result of Williams' failure to bring its payments current, the entire outstanding balance of the Second Partial Withdrawal Liability assessed is now due in the amount of $180,552. ERISA §4219(c)(5); 29 U.S.C. § 1399(c)(5).

35.     Williams never initiated arbitration proceedings to dispute any determination made with regard to the Second Partial Withdrawal Liability pursuant to ERISA Section 4221(a), 29 U.S.C. § 1401(c).

WHEREFORE, Plaintiff Pension Fund demands judgment on the Second Count as follows:

a.      The entire outstanding balance of the Second Partial Withdrawal Liability Assessment of $180,552;

b.      Interest at the Fund's delinquent contribution rate of 18 percent per annum;

c.      Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.      All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.      All such other relief as this Court deems proper.

## THIRD COUNT

### (Third Partial Withdrawal Liability Assessment)

36.     Plaintiffs repeat each and every allegation of the preceding Counts as if set forth herein at length.

37.     The Plaintiffs determined that Williams incurred a Third Partial Withdrawal Liability for the Plan Year ending August 31, 2015.

38.     On or about November 16, 2017, the Fund issued a Notice and Demand for a Third Partial Withdrawal Liability for the Plan Year ending August 31, 2015. (Exhibit E).

39.     Said Third Partial Withdrawal Liability Notice advised that an additional partial withdrawal liability was due in the amount of $77,409.

40.     Said Notice and Demand required quarterly payments to be made in the amount of $23,208.75 for three quarters with a final payment of $7,862.75. The first payment was due January 1, 2018.

41.     No payments have been received from Williams pursuant to the Fund's Demand for a Third Partial Withdrawal Liability.

42.     By reason of Williams' failure to make payment, the Pension Fund forwarded a Notice of Default to Williams on or about February 8, 2018 (Exhibit F) pursuant to ERISA § 4219(c)(5), 29 U.S.C. 1399(c)(5) advising that unless all payments were brought current within 60 days thereof, the entire amount of the Third Partial Withdrawal Liability would be "accelerated and immediately due and payable without further notice".

43.     Despite having received said Notice of Default, Williams has continued in its failure to pay the Third Partial Withdrawal Liability Assessment.

44.     Williams has failed to initiate arbitration proceedings pursuant to ERISA Section 4221(a), 29 U.S.C. § 1401(a) with regard to the Third Partial Withdrawal Liability Assessment.

45.     As a result of Williams' failure to bring payments current, the entire outstanding balance of the Third Partial Withdrawal Liability assessed is now due in the amount of $77,409.

WHEREFORE, Plaintiff Pension Fund demands judgment on the Third Count as follows:

a.     The entire outstanding balance of the Third Partial Withdrawal Liability Assessment of $77,409;

b.     Interest at the Fund's delinquent contribution rate of 18 percent per annum;

c.     Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.     All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.     All such other relief as this Court deems proper.

## FOURTH COUNT

### (Fourth Partial Withdrawal Liability Assessment)

46.     Plaintiffs repeat each and every allegation of the preceding counts as if set forth herein at length.

47.     Plaintiffs determined that Williams incurred a Fourth Partial Withdrawal Liability for the Plan Year ending August 31, 2016.

48.     On or about December 4, 2017, the Fund issued a Notice and Demand for a Fourth Partial Withdrawal Liability for the Plan Year ending August 31, 2016. (Exhibit G.)

49.     The Fourth Partial Withdrawal Liability notice advised that an additional partial withdrawal liability was due in the amount of $100,853.

50.     Said Notice and Demand required quarterly payments to be made in the amount of $23,371.70 for four quarters with a final payment of $7,920.13, with the first payment due February 1, 2018.

51.     No payment has been received from Williams pursuant to the Notice and Demand for Fourth Partial Withdrawal Liability.

52.     By reason of Williams' failure to make payment, the Pension Fund forwarded a Notice of Default to Williams on or about February 8, 2018 (Exhibit H) pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5) advising that unless all payments were brought current within 60 days thereof, the entire amount of the Fourth Partial Withdrawal Liability would be "accelerated and immediately due and payable without further notice".

53.     Despite having received said Notice of Default, Williams has continued in its failure to pay the Fourth Partial Withdrawal Liability assessment.

54.     As a result of Williams' default of payment, the entire outstanding balance of the Fourth Partial Withdrawal Liability assessed is now due in the amount of $100,853.

WHEREFORE, Plaintiff Pension Fund demands Judgment on the Fourth Count as follows:

a.      The entire outstanding balance of the Fourth Partial Withdrawal Liability Assessment of $100,853;

b.      Interest at the Fund's delinquent contribution rate of 18% per annum;

c.      Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.      All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.      All such other relief as this Court deems proper.

### FIFTH COUNT

**(Complete Withdrawal Liability Assessment)**

55.      Plaintiffs repeat each and every allegation of the preceding counts as if set forth herein at length.

56.      Plaintiffs determined that Williams incurred a complete withdrawal within the meaning of ERISA Section 4203(a) for the Plan Year ending August 31, 2017.

57.      On or about December 4, 2017, the Fund's issued a Notice and Demand for complete withdrawal liability for the Plan Year ending August 31, 2017 (Exhibit I).

58.      Said Notice and Demand for complete withdrawal liability advised that the amount of $592,781 was due for its complete withdrawal.

59.      Said Notice and Demand required quarterly payments to be made in the amount of $24,512.75 for 30 quarters plus a final payment of $8,201.18. The first quarterly installment was due on February 1, 2018.

60.      No payment has been received from Williams pursuant to the Notice and Demand for complete withdrawal liability.

61.      By reason of Williams' failure to make payment, and pursuant to ERISA Section 4219(c)(5)(B), a Notice of Default was forwarded to Williams on or about

11

February 8, 2018 (Exhibit J) advising that the entire amount of the complete withdrawal was due and payable.

62.     Despite having received said Notice of Default, Williams has continued in its failure to pay the complete withdrawal liability.

63.     Williams has failed to initiate arbitration proceedings pursuant to ERISA Section 4221(a) with regard to the complete withdrawal liability assessment and has therefore waived all defenses.

64.     As a result of Williams' failure to bring payments current,  the entire outstanding balance of the complete withdrawal liability assessed is now due in the amount of $592,781.

WHEREFORE, Plaintiff Pension Fund demands Judgment on the Fifth Count as follows:

a.     The entire outstanding balance of the complete withdrawal liability of $592,781;

b.     Interest at the Fund's delinquent contribution rate of 18% per annum;

c.     Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.     All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.     All such other relief as this Court deems proper.

## SIXTH COUNT

### (Judgment in the Alternative for Unpaid Withdrawal Liability Installments)

65.     Plaintiffs repeat each and every allegation of the preceding counts as if set forth herein at length.

66.     In the event the Court in this matter declines to enter a Judgment for the accelerated amount of the First Partial Withdrawal Liability Assessment, the Second Partial Withdrawal Liability Assessment, the Third Partial Withdrawal Liability, the Fourth Partial Withdrawal Liability Assessment and/or the Complete Withdrawal Liability Assessment, Plaintiffs seek Judgment in an amount equal to all unpaid quarterly payments as of the date of entry of Judgment.

WHEREFORE, Plaintiff Pension Fund demands Judgment on the Sixth Count as follows:

a.     The total amount of unpaid quarterly payments for the First Partial Withdrawal Liability Assessment, Second Partial Withdrawal Liability Assessment, Third Partial Withdrawal Liability Assessment, Fourth Partial Withdrawal Liability and/or the Complete Withdrawal Liability Assessment;

b.     Interest at the Fund's delinquent contribution rate of 18% per annum;

c.     Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

d.     All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

e.     All such other relief as this Court deems proper.

13

## SEVENTH COUNT

### (Withdrawal Liability Due From Controlled Group Members)

67.     Plaintiffs repeat each and every allegation of the preceding counts as if set forth herein at length.

68.     Pursuant to ERISA Section 4001(b)(1), all employees of trades or businesses (whether or not incorporated) which are under common control, are to be treated as employed by a single employer and all such trades and businesses shall be treated as a single employer.

69.     Upon information and belief, there are other trades or businesses which are or at one time were under common control with Williams while it was a contributing employer to the Pension Fund, which trades or businesses have been collectively identified in this Complaint as "XYZ Corporation".

70.     The controlled group members aforedescribed are jointly and severally liable to the Pension Fund for all four partial withdrawal liabilities and the complete withdrawal liability assessed by the Pension Fund against Williams.

WHEREFORE, Plaintiff Pension Fund demands judgment against XYZ Corporation equal to the entire amount sought from Williams in the First, Second, Third, Fourth, Fifth and Sixth Counts as follows:

a.     The entire outstanding balance of all withdrawal liability assessed against Williams;

b.     Interest at the Fund's delinquent contribution rate of 18 percent per annum;

      c.      Liquidated damages in an amount equal to 20% of the delinquent payments pursuant to ERISA Section 502(g);

      d.      All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action as provided by statute; and

      e.      All such other relief as this Court deems proper.

> NEW & KARFUNKEL, P.C.
> 1129 Bloomfield Avenue, Suite 215
> West Caldwell, New Jersey 07006
> T – 862-210-8220
> Email: bkarfunkel@newandnewlaw.com
> Attorneys for Plaintiffs

> BENJAMIN A. KARFUNKEL

Dated: 5|18|18

I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

> NEW & KARFUNKEL, P.C.
> 1129 Bloomfield Avenue, Suite 215
> West Caldwell, New Jersey 07006
> T – 862-210-8220
> Email: bkarfunkel@newandnewlaw.com
> Attorneys for Plaintiffs

> BENJAMIN A. KARFUNKEL

Dated: 5|18|18

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

November 16, 2017

**NOTICE AND DEMAND FOR PARTIAL WITHDRAWAL
LIABILITY FOR PLAN YEAR ENDING AUGUST 31, 2013**

*Via Certified Mail, R.R.R.7011 2970 0002 0536 3923*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, NY 11801

Dear Sirs:

Please be advised that it has been determined that you have incurred a partial withdrawal from this Pension Fund as described in Section 4205 of the Employee Retirement Income Security Act of 1974 ("ERISA"). This partial withdrawal occurred by reason of a 70% contribution decline in your Company's contribution base units to the Pension Fund.

Section 4205 in part provides that a 70% contribution decline occurs for any plan year if during each plan year in a "three year testing period", an employer's contribution base units (hours) do not exceed 30% of the employer's contribution base units for the high base year. The three year testing period consists of the plan year and the immediately preceding two plan years. Contribution base units (hours) for the high base year is the average number of such units for the two plan years for which the employer's contribution base units were the highest within the five plan years immediately preceding the beginning of the three year testing period.

Please be advised that it has been determined that a partial withdrawal occurred in the plan year ending **August 31, 2013**. It has also been determined that a partial withdrawal liability occurred in the Plan Year ending August 31, 2014. A separate Notice and Demand for Partial Withdrawal Liability for that Plan Year is also being forwarded to you.

Your net partial withdrawal liability for the plan year ending **August 31, 2013**, calculated in accordance with ERISA, is $1,420,138. Withdrawal liability payments have been determined on the basis of your Company's contributions to the Pension Fund and calculated as quarterly installments of $28,513.75. Your partial withdrawal liability for the plan year ending August 31, 2013, is to be paid in installments in this amount ($28,513.75) each quarter for 80 quarters. Your first payment is due January 1, 2018. These figures include the interest due on the unpaid portions of the liability. These payments are due despite the fact that assessments have not been issued for partial withdrawals subsequent to the plan year ending August 31, 2013. Once



demanded, these subsequent assessments shall be due and payable <u>in addition</u> to the amounts demanded herein.

This letter is intended as a notice of your partial withdrawal liability and demand for payment of the amount set forth above on a quarterly basis.

Within 90 days of your receipt of this notice and demand, you have the opportunity to:

1.     ask the Trustees to review any specific matter relating to the determination of the company's liability and payment schedule;

2.     identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to the company; and

3.     furnish any additional relevant information to the Trustees.

However, Section 4219(b)(2) of ERISA requires that you start making the demanded payments even if the figures are the subject of a request for review and/or are to be challenged in arbitration. Any dispute with this notice and demand concerning a determination made under Sections 4201 through 4219 of EIRSA must be resolved through arbitration. This arbitration must be initiated within a 60-day period after the earlier of:

a.     The date of notification to you of the Fund's notification of its decision of any requests for review (ERISA Section 4219(b)(2)(B)), and

b.     120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association – Multiemployer Pension Plan Panel. Hearings, if applicable, shall take place in the NY/NJ area. For purposes of arbitration, the Trustees have adopted the American Arbitration Association rules for hearings of this type. This procedure must be followed should any dispute regarding the foregoing exist. All disputes must be resolved within the strictly construed time period set forth by ERISA. If you fail to initial arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

**Failure to make proper and timely payment of withdrawal liability shall constitute a default and entitle the Fund to require immediate payment in full of the entire liability. (ERISA Section 4219(c)(5)). In addition, the Fund is permitted to treat such default as a delinquency, which may result in the assessment of liquidated damages, interest and attorney's fees incurred in collecting any delinquency.**

The Trustees of the Fund reserve the right to look to a parent company or any other trade or business presently or formerly under common control with your company for payment of this liability.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

February 8, 2018

**NOTICE OF DEFAULT**
**(Partial Withdrawal Liability for the Plan Year Ending August 31, 2013)**

*Via Certified Mail, R.R.R.*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, New York 11801

Dear Sirs:

On or about November 16, 2017, this office forwarded a Notice and Demand advising of the Fund's assessment for a partial withdrawal liability occurring during the Plan Year ending August 31, 2013. The November 16, 2017 Notice demanded an initial payment by January 1, 2018 and consecutive quarterly installments until the liability is paid. To date, the initial quarterly installment of $28,513.75 has not been received by this office

Please be advised that pursuant to ERISA Section 4219(c)(5), the Fund does hereby declare you to be in default of your obligation to pay the withdrawal liability assessed against you. Unless all delinquent payments are made within 60 days of your receipt of this letter, the entire amount of the assessed withdrawal liability shall be accelerated and immediately due and payable without further notice.

Please be guided accordingly.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

cc:   David W. New, Esq.



Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

November 16, 2017

**NOTICE AND DEMAND FOR PARTIAL WITHDRAWAL
LIABILITY FOR PLAN YEAR ENDING AUGUST 31, 2014**

*Via Certified Mail, R.R.R. 7011 2970 0002 0536 3923*
Williams Specialized Services, Inc.
400 Charlotte avenue
Hicksville, NY 11801

Dear Sirs:

Please be advised that it has been determined that you have incurred a partial withdrawal from this Pension Fund as described in Section 4205 of the Employee Retirement Income Security Act of 1974 ("ERISA"). This partial withdrawal occurred by reason of a 70% contribution decline in your Company's contribution base units to the Pension Fund.

Section 4205 in part provides that a 70% contribution decline occurs for any plan year if during each plan year in a "three year testing period", an employer's contribution base units (hours) do not exceed 30% of the employer's contribution base units for the high base year. The three year testing period consists of the plan year and the immediately preceding two plan years. Contribution base units (hours) for the high base year is the average number of such units for the two plan years for which the employer's contribution base units were the highest within the five plan years immediately preceding the beginning of the three year testing period.

Please be advised that it has been determined that a partial withdrawal occurred in the plan year ending **August 31, 2014**. It has also been determined that a partial withdrawal occurred in the Plan Year ending August 31, 2015. A separate Notice and Demand for Partial Withdrawal Liability for that Plan Year will be forwarded to you.

Your net partial withdrawal liability for the plan year ending **August 31, 2014**, calculated in accordance with ERISA, is $180,552. Withdrawal liability payments have been determined on the basis of your Company's contributions to the Pension Fund and calculated as quarterly installments of $25,330.75. Your partial withdrawal liability for the plan year ending August 31, 2013, is to be paid in installments in this amount ($25,330.75) each quarter for 7 quarters with a final payment of $9,178.93. Your first payment is due January 1, 2018. These figures include the interest due on the unpaid portions of the liability. These payments are due despite the fact that assessments have not been issued for partial withdrawals subsequent to the plan year



ending August 31, 2014. Once demanded, these subsequent assessments shall be due and payable <u>in addition</u> to the amounts demanded herein.

Please be advised the amounts demanded herein are due <u>in addition</u> to the amounts assessed in the Fund's Notice and Demand for Partial Withdrawal Liability for the Plan Year ending August 31, 2013.

This letter is intended as a notice of your partial withdrawal liability and demand for payment of the amount set forth above on a quarterly basis.

Within 90 days of your receipt of this notice and demand, you have the opportunity to:

1.  ask the Trustees to review any specific matter relating to the determination of the company's liability and payment schedule;

2.  identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to the company; and

3.  furnish any additional relevant information to the Trustees.

However, Section 4219(b)(2) of ERISA requires that you start making the demanded payments even if the figures are the subject of a request for review and/or are to be challenged in arbitration. Any dispute with this notice and demand concerning a determination made under Sections 4201 through 4219 of EIRSA must be resolved through arbitration. This arbitration must be initiated within a 60-day period after the earlier of:

a.  The date of notification to you of the Fund's notification of its decision of any requests for review (ERISA Section 4219(b)(2)(B)), and

b.  120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association – Multiemployer Pension Plan Panel. Hearings, if applicable, shall take place in the NY/NJ area. For purposes of arbitration, the Trustees have adopted the American Arbitration Association rules for hearings of this type. This procedure must be followed should any dispute regarding the foregoing exist. All disputes must be resolved within the strictly construed time period set forth by ERISA. If you fail to initial arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

**Failure to make proper and timely payment of withdrawal liability shall constitute a default and entitle the Fund to require immediate payment in full of the entire liability. (ERISA Section 4219(c)(5)). In addition, the Fund is permitted to treat such default as a**

delinquency, which may result in the assessment of liquidated damages, interest and attorney's fees incurred in collecting any delinquency.

The Trustees of the Fund reserve the right to look to a parent company or any other trade or business presently or formerly under common control with your company for payment of this liability.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

February 8, 2018

## NOTICE OF DEFAULT
### (Partial Withdrawal Liability for the Plan Year Ending August 31, 2014)

*Via Certified Mail, R.R.R.*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, New York 11801

Dear Sirs:

      On or about November 16, 2017, this office forwarded a Notice and Demand advising of the Fund's assessment for a partial withdrawal liability occurring during the Plan Year ending August 31, 2014. The November 16, 2017 Notice demanded an initial payment by January 1, 2018 and consecutive quarterly installments until the liability is paid. To date, the initial quarterly installment of $25,330.75 has not been received by this office.

      Please be advised that pursuant to ERISA Section 4219(c)(5), the Fund does hereby declare you to be in default of your obligation to pay the withdrawal liability assessed against you. Unless all delinquent payments are made within 60 days of your receipt of this letter, the entire amount of the assessed withdrawal liability shall be accelerated and immediately due and payable without further notice.

      Please be guided accordingly.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

cc:     David W. New, Esq.



Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

November 16, 2017

**NOTICE AND DEMAND FOR PARTIAL WITHDRAWAL
LIABILITY FOR PLAN YEAR ENDING AUGUST 31, 2015**

*Via Certified Mail, R.R.R. 7011 2970 002 0536 3923*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, NY 11801

Dear Sirs:

Please be advised that it has been determined that you have incurred a partial withdrawal from this Pension Fund as described in Section 4205 of the Employee Retirement Income Security Act of 1974 ("ERISA"). This partial withdrawal occurred by reason of a 70% contribution decline in your Company's contribution base units to the Pension Fund.

Section 4205 in part provides that a 70% contribution decline occurs for any plan year if during each plan year in a "three year testing period", an employer's contribution base units (hours) do not exceed 30% of the employer's contribution base units for the high base year. The three year testing period consists of the plan year and the immediately preceding two plan years. Contribution base units (hours) for the high base year is the average number of such units for the two plan years for which the employer's contribution base units were the highest within the five plan years immediately preceding the beginning of the three year testing period.

Please be advised that it has been determined that a partial withdrawal occurred in the plan year ending **August 31, 2015**. It has also been determined that a partial withdrawal occurred in the Plan Year ending August 31, 2016. A separate Notice and Demand for Partial Withdrawal Liability for that Plan Year will be forwarded to you. In addition, it has been determined that a complete withdrawal took place during the Plan Year ending August 31, 2017. A separate Notice and Demand for complete withdrawal liability will be forwarded to you upon calculation.

Your net partial withdrawal liability for the plan year ending **August 31, 2015**, calculated in accordance with ERISA, is $77,409. Withdrawal liability payments have been determined on the basis of your Company's contributions to the Pension Fund and calculated as quarterly installments of $23,208.75. Your partial withdrawal liability for the plan year ending August 31, 2015, is to be paid in installments in this amount ($23,208.75) each quarter for 3 quarters with



a final payment of $7,862.75. Your first payment is due January 1, 2018. These figures include the interest due on the unpaid portions of the liability. These payments are due despite the fact that assessments have not been issued for partial withdrawals and/or complete withdrawals subsequent to the plan year ending August 31, 2015. Once demanded, these subsequent assessments shall be due and payable in addition to the amounts demanded herein.

Please be advised the amounts demanded herein are due in addition to the amounts assessed in the Fund's Notice and Demand for Partial Withdrawal Liability for the Plan Year ending August 31, 2013 and August 31, 2014.

This letter is intended as a notice of your partial withdrawal liability and  demand for payment of the amount set forth above on a quarterly basis.

Within 90 days of your receipt of this notice and demand, you have the opportunity to:

1.      ask the Trustees to review any specific matter relating to the determination of the company's liability and payment schedule;

2.      identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to the company; and

3.      furnish any additional relevant information to the Trustees.

However, Section 4219(b)(2) of ERISA requires that you start making the demanded payments even if the figures are the subject of a request for review and/or are to be challenged in arbitration. Any dispute with this notice and demand concerning a determination made under Sections 4201 through 4219 of EIRSA must be resolved through arbitration. This arbitration must be initiated within a 60-day period after the earlier of:

a.      The date of notification to you of the Fund's notification of its decision of any requests for review (ERISA Section 4219(b)(2)(B)), and

b.      120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association – Multiemployer Pension Plan Panel. Hearings, if applicable, shall take place in the NY/NJ area. For purposes of arbitration, the Trustees have adopted the American Arbitration Association rules for hearings of this type. This procedure must be followed should any dispute regarding the foregoing exist. All disputes must be resolved within the strictly construed time period set forth by ERISA. If you fail to initial arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

Failure to make proper and timely payment of withdrawal liability shall constitute a default and entitle the Fund to require immediate payment in full of the entire liability. (ERISA Section 4219(c)(5)). In addition, the Fund is permitted to treat such default as a delinquency, which may result in the assessment of liquidated damages, interest and attorney's fees incurred in collecting any delinquency.

The Trustees of the Fund reserve the right to look to a parent company or any other trade or business presently or formerly under common control with your company for payment of this liability.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

February 8, 2018

**NOTICE OF DEFAULT**
**(Partial Withdrawal Liability for the Plan Year Ending August 31, 2015)**

_**Via Certified Mail, R.R.R.**_
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, New York 11801

Dear Sirs:

On or about November 16, 2017, this office forwarded a Notice and Demand advising of the Fund's assessment for a partial withdrawal liability occurring during the Plan Year ending August 31, 2015. The November 16, 2017 Notice demanded an initial payment by January 1, 2018 and consecutive quarterly installments until the liability is paid. To date, the initial quarterly installment of $23,208.75 has not been received by this office.

Please be advised that pursuant to ERISA Section 4219(c)(5), the Fund does hereby declare you to be in default of your obligation to pay the withdrawal liability assessed against you. Unless all delinquent payments are made within 60 days of your receipt of this letter, the entire amount of the assessed withdrawal liability shall be accelerated and immediately due and payable without further notice.

Please be guided accordingly.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

cc:     David W. New, Esq.


EXHIBIT
F

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

December 4, 2017

**NOTICE AND DEMAND FOR PARTIAL WITHDRAWAL
LIABILITY FOR PLAN YEAR ENDING AUGUST 31, 2016**

***Via Certified Mail, R.R.R. 7011 2970 0002 0536 3930***
Michael Williams
Williams Specialized Services, Inc.
148 Castle Ridge Road
Manhasset, Ny 11030-3200

Dear Sirs:

Please be advised that it has been determined that you have incurred a partial withdrawal from this Pension Fund as described in Section 4205 of the Employee Retirement Income Security Act of 1974 ("ERISA"). This partial withdrawal occurred by reason of a 70% contribution decline in your Company's contribution base units to the Pension Fund.

Section 4205 in part provides that a 70% contribution decline occurs for any plan year if during each plan year in a "three year testing period", an employer's contribution base units (hours) do not exceed 30% of the employer's contribution base units for the high base year. The three year testing period consists of the plan year and the immediately preceding two plan years. Contribution base units (hours) for the high base year is the average number of such units for the two plan years for which the employer's contribution base units were the highest within the five plan years immediately preceding the beginning of the three year testing period.

Please be advised that it has been determined that a partial withdrawal occurred in the plan year ending **August 31, 2016**. It has also been determined that a complete withdrawal occurred in the Plan Year ending August 31, 2017. A separate Notice and Demand for Complete Withdrawal Liability for that Plan Year will be forwarded to you.

Your net partial withdrawal liability for the plan year ending **August 31, 2016**, calculated in accordance with ERISA, is $100,853. Withdrawal liability payments have been determined on the basis of your Company's contributions to the Pension Fund and calculated as quarterly installments of $23,371.25. Your partial withdrawal liability for the plan year ending August 31, 2016, is to be paid in installments in this amount ($23,371.25) each quarter for 4 quarters with a final payment of $7,920.13. Your first payment is due February 1, 2018. These figures include the interest due on the unpaid portions of the liability. These payments are due despite the fact



that a separate assessment is being made for a complete withdrawal for the plan year ending August 31, 2017. Once demanded, this subsequent assessment shall be due and payable <u>in addition</u> to the amounts demanded herein.

Please be advised the amounts demanded herein are due <u>in addition</u> to the amounts assessed in the Fund's Notices and Demands for Partial Withdrawal Liability for the Plan Years ending August 31, 2013, August 31, 2014 and August 31, 2015.

This letter is intended as a notice of your partial withdrawal liability and  demand for payment of the amount set forth above on a quarterly basis.

Within 90 days of your receipt of this notice and demand, you have the opportunity to:

1.      ask the Trustees to review any specific matter relating to the determination of the company's liability and payment schedule;

2.      identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to the company; and

3.      furnish any additional relevant information to the Trustees.

However, Section 4219(b)(2) of ERISA requires that you start making the demanded payments even if the figures are the subject of a request for review and/or are to be challenged in arbitration. Any dispute with this notice and demand concerning a determination made under Sections 4201 through 4219 of EIRSA must be resolved through arbitration. This arbitration must be initiated within a 60-day period after the earlier of:

a.      The date of notification to you of the Fund's notification of its decision of a request for review (ERISA Section 4219(b)(2)(B)), and

b.      120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association – Multiemployer Pension Plan Panel. Hearings, if applicable, shall take place in the NY/NJ area. For purposes of arbitration, the Trustees have adopted the American Arbitration Association rules for hearings of this type. This procedure must be followed should any dispute regarding the foregoing exist. All disputes must be resolved within the strictly construed time period set forth by ERISA. If you fail to initial arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

**Failure to make proper and timely payment of withdrawal liability shall constitute a default and entitle the Fund to require immediate payment in full of the entire liability.**

(ERISA Section 4219(c)(5)). In addition, the Fund is permitted to treat such default as a delinquency, which may result in the assessment of liquidated damages, interest and attorney's fees incurred in collecting any delinquency.

The Trustees of the Fund reserve the right to look to a parent company or any other trade or business presently or formerly under common control with your company for payment of this liability.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

February 8, 2018

**NOTICE OF DEFAULT**
**(Partial Withdrawal Liability for the Plan Year Ending August 31, 2016)**

*Via Certified Mail, R.R.R.*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, New York 11801

Dear Sirs:

On or about December 4, 2017, this office forwarded a Notice and Demand advising of the Fund's assessment for a partial withdrawal liability occurring during the Plan Year ending August 31, 2016. The December 4, 2017 Notice demanded an initial payment by February 1, 2018 and consecutive quarterly installments until the liability is paid. To date, the initial quarterly installment of $23,371.25 has not been received by this office.

Please be advised that pursuant to ERISA Section 4219(c)(5), the Fund does hereby declare you to be in default of your obligation to pay the withdrawal liability assessed against you. Unless all delinquent payments are made within 60 days of your receipt of this letter, the entire amount of the assessed withdrawal liability shall be accelerated and immediately due and payable without further notice.

Please be guided accordingly.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

cc:   David W. New, Esq.



Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

December 4, 2017

**NOTICE AND DEMAND FOR COMPLETE WITHDRAWAL
LIABILITY FOR PLAN YEAR ENDING AUGUST 31, 2017**

*Via Certified Mail, R.R.R. 7011 2970 0002 0536 3930*
Michael Williams
Williams Specialized Services, Inc.
148 Castle Ridge Road
Manhasset, NY 11030-3200

Dear Sirs:

Please be advised that it has been determined that you have either (1) currently ceased to have an obligation to contribute to this Fund or (2) permanently ceased all covered operation sunder the Plan resulting in your no longer being a contributing employer to the Local 807 Labor Management Pension Fund during the Plan Year ending August 31, 2017. Accordingly, you have incurred a complete withdrawal liability to the Pension Fund pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multi-Employer Pension Plan Amendments Act of 1980.

The above-referenced legislation provides for a deductible of 3/4 of 1 percent of the unfunded vested liability or $50,000, whichever is lower. That deductible is gradually phased out for withdrawal liability in excess of $100,000. Your withdrawal liability calculation, after reduction for the deductible, if applicable, has been determined to be $592,781. Withdrawal liability payments have been determined on the basis of your company's contributions to the Pension Fund and calculated as quarterly installments of $24,512.75. Your withdrawal liability is to be paid in installments of $24,512.75 per quarter for 30 quarters plus a final payment of $8,201.18. Your first payment is due on February 1, 2018. These figures include the interest due on the unpaid portions of the liability.

Please note the installment payments demanded herein are due in addition to the amounts demanded by the Fund's four Notices and Demands for Partial Withdrawal Liability for the Plan Years ending August 31, 2013, August 31, 2014, August 31, 2015 and August 31, 2016. Nothing in this letter shall be construed as having any effect whatsoever on these prior Notices and Demands for partial withdrawal liability.



This letter is intended as a notice of your complete withdrawal liability for the Plan Year ending August 31, 2016 and demand for payment of the amount set forth above on a quarterly basis.

Within 90 days of your receipt of this notice and demand, you have the opportunity to:

1.      ask the Trustees to review any specific matter relating to the determination of the company's liability and payment schedule;

2.      identify any inaccuracy in the determination of the amount of any unfunded vested benefits allocated to the company; and

3.      furnish any additional relevant information to the Trustees.

However, Section 4219(b)(2) of ERISA requires that you start making the demanded payments even if the figures are the subject of a request for review and/or are to be challenged in arbitration. Any dispute with this notice and demand concerning a determination made under Sections 4201 through 4219 of ERISA must be resolved through arbitration. This arbitration must be initiated within a 60-day period after the earlier of:

a.      The date of notification to you of the Fund's notification of its decision of a request for review (ERISA Section 4219(b)(2)(B)), and

b.      120 days after the date of your request for review, if any (ERISA Section 4219(b)(2)(A)).

Any arbitration submission is to be made to the American Arbitration Association – Multiemployer Pension Plan Panel. Hearings, if applicable, shall take place in the NY/NJ area. For purposes of arbitration, the Trustees have adopted the American Arbitration Association rules for hearings of this type. This procedure must be followed should any dispute regarding the foregoing exist. All disputes must be resolved within the strictly construed time period set forth by ERISA. If you fail to initial arbitration within the time limits specified above, the amount of your withdrawal liability will be due and owing and all objections to the Fund's assessment shall be waived.

**Failure to make proper and timely payment of withdrawal liability shall constitute a default and entitle the Fund to require immediate payment in full of the entire liability. (ERISA Section 4219(c)(5)). In addition, the Fund is permitted to treat such default as a delinquency, which may result in the assessment of liquidated damages, interest and attorney's fees incurred in collecting any delinquency.**

The Trustees of the Fund reserve the right to look to a parent company or any other trade or business presently or formerly under common control with your company for payment of this liability.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

Local 807 Labor Management Health & Pension Funds
32-43 49th Street
Long Island City, New York 11103

February 8, 2018

## NOTICE OF DEFAULT
### (Complete Withdrawal Liability for the Plan Year Ending August 31, 2017)

*Via Certified Mail, R.R.R.*
Williams Specialized Services, Inc.
400 Charlotte Avenue
Hicksville, New York 11801

Dear Sirs:

On or about December 4, 2017, this office forwarded a Notice and Demand advising of the Fund's assessment for a partial withdrawal liability occurring during the Plan Year ending August 31, 2017. The December 4, 2017 Notice demanded an initial payment by February 1, 2018 and consecutive quarterly installments until the liability is paid. To date, the initial quarterly installment of $24,512.75 has not been received by this office.

Please be advised that pursuant to ERISA Section 4219(c)(5), the Fund does hereby declare you to be in default of your obligation to pay the withdrawal liability assessed against you. Unless all delinquent payments are made within 60 days of your receipt of this letter, the entire amount of the assessed withdrawal liability shall be accelerated and immediately due and payable without further notice.

Please be guided accordingly.

Very truly yours,

ALFRED FERNANDEZ
Fund Administrator

cc:     David W. New, Esq.

